IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN J. BIBBS,

       Plaintiff,

   v.

JOHN WALKENHORST, et al.,

       Defendants.

Case No.: C 12-2197 CW (PR)

ORDER OF DISMISSAL AND DENYING
PLAINTIFF'S MOTION TO SERVE
SUMMONS

(Docket no. 4)

    Plaintiff, a state prisoner incarcerated at Pelican Bay State Prison (PBSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983.  He has paid the filing fee.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

1    Plaintiff alleges that he has been refused the right to

2  purchase merchandise by a private vendor, Walkenhorst's, because

3  he is incarcerated in the Secured Housing Unit (SHU) at PBSP.

4  Plaintiff maintains that PBSP has no policy prohibiting him from

5  purchasing merchandise from Walkenhorst's, and that

6  Walkenhorst's, on its own accord, has chosen not to do business

7  with him solely because of his SHU status.  Compl. at 3-4.  He

8  claims such discrimination by a private vendor is unlawful, and

9  seeks injunctive relief and damages.

10    Plaintiff's claim cannot proceed under 42 U.S.C. § 1983,

11  because private individuals and entities do not act under color

12  of state law, an essential element of a § 1983 action.  See Gomez

13  v. Toledo, 446 U.S. 635, 640 (1980).  Purely private conduct, no

14  matter how wrongful, is not covered under § 1983.  See Ouzts v.

15  Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974).

16  There is no constitutional right to be free from the infliction

17  of deprivations by private individuals.  See Van Ort v. Estate of

18  Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).

19    Because the Defendants named in the complaint are private

20  actors, Plaintiff's allegations against them do not state a

21  cognizable claim for relief under 42 U.S.C. § 1983.  Further,

22  granting Plaintiff leave to amend the complaint to state a claim

23  based on such allegations would be futile.

24    Accordingly, this action is DISMISSED with prejudice and

25  Plaintiff's motion to serve Defendants is DENIED.

26    The Clerk of the Court shall enter judgment and close the

27  file.

28  //

1       This Order terminates Docket no. 4.

2       IT IS SO ORDERED.

3

4   Dated:  12/6/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28