IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. BIBBS,<br><br>        Plaintiff,<br><br>  v.<br><br>JOHN WALKENHORST, et al.,<br><br>        Defendants. | Case No.: C 12-2197 CW (PR)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL, DIRECTING CLERK OF THE COURT TO REOPEN CASE AND SERVE DEFENDANTS, AND DIRECTING ALL PARTIES TO FILE CONSENT OR DECLINATION TO PROCEED BEFORE UNITED STATES MAGISTRATE JUDGE<br><br>(Docket no. 8) |

    Plaintiff, a state prisoner incarcerated at Pelican Bay State Prison (PBSP), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He has paid the filing fee.

    The Court reviewed the allegations in the complaint pursuant to 28 U.S.C. § 1915A(a), which requires a federal court to conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Upon review of the complaint, the Court found as follows:

> Plaintiff alleges that he has been refused the right to purchase merchandise by a private vendor, Walkenhorst's, because he is incarcerated in the Secured Housing Unit (SHU) at PBSP. Plaintiff maintains that PBSP has no policy prohibiting him from purchasing merchandise from Walkenhorst's, and that Walkenhorst's, on its own accord, has chosen not to do business with him solely because of his SHU status. Compl. at 3-4. He claims such discrimination by a private vendor is unlawful, and seeks injunctive relief and damages.
>
> Plaintiff's claim cannot proceed under 42 U.S.C. § 1983, because private individuals and entities do not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974). There is no constitutional right to be free from the infliction of deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).
>
> Because the Defendants named in the complaint are private actors, Plaintiff's allegations against them do not state a cognizable claim for relief under 42 U.S.C. § 1983. Further, granting Plaintiff leave to amend the complaint to state a claim based on such allegations would be futile.
>
> Accordingly, this action is DISMISSED with prejudice and Plaintiff's motion to serve Defendants is DENIED.

Docket no. 6 at 2:1-25.

Now pending before the Court is Plaintiff's motion to vacate the order of dismissal on the ground that Defendants are subject to suit under 42 U.S.C. § 1983 because Walkenhorst's, as a vendor selected by the California Department of Corrections and Rehabilitation to provide merchandise to prisoners, functions as a state actor.  Action taken by private individuals or organizations may be under color of state law "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.  What is fairly attributable is a matter of normative judgment, and the criteria lack rigid simplicity. . . . [N]o one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient, for there may be some countervailing reason against attributing activity to the government."  <u>Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n</u>, 531 U.S. 288, 295-96 (2001).

Based on the above, the Court finds Plaintiff's allegations are sufficient to allow him to proceed with his claim. Accordingly, the motion to vacate the order of dismissal is GRANTED.  The Clerk of the Court shall REOPEN the case and SERVE the Defendants, as set forth below.

In order to encourage the just, speedy and inexpensive determination of 42 U.S.C. § 1983 cases filed in this district, the parties may waive their right to proceed before a district judge and consent to proceed before a magistrate judge for all purposes.  Attached to this Order is a Notice of Option to Consent to Proceed Before United States Magistrate Judge and an Order requiring the parties to notify the Court whether they

3

consent or decline to so proceeding. The parties shall complete the requisite consent or declination form and return it to the Court no later than <u>thirty</u> days from the date of this Order.

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion to vacate the order dismissing this case is GRANTED. The Clerk shall REOPEN the case.

2. The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, <u>a copy of the Complaint (Docket no. 1) and all attachments thereto and a copy of this Order to Defendants John Walkenhorst, Renee Walkenhorst and Walkenhorst's Vendor</u>. The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this Order to Plaintiff.

3. No later than <u>thirty</u> days from the date of this Order, all parties shall file their consent or declination to proceed before a United States Magistrate Judge.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to

Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

5. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than thirty days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

5

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decisions in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and Stratton v. Buck, 697 F.3d 1004 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion or a motion to dismiss for failure to exhaust administrative remedies.

    b.   Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c.   Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

           d.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

     6.   Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

     7.   All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

     8.   It is Plaintiff's responsibility to prosecute this case.  He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

     9.   Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

     This Order terminates Docket no. 8.

     IT IS SO ORDERED.

Dated: 7/3/2013

                                   CLAUDIA WILKEN
                                   UNITED STATES DISTRICT JUDGE